UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HENRY DIXON, | No. 2:14-cv-0631 CKD P |
| Petitioner, | |
| v. | ORDER |
| KAMALA D. HARRIS, | |
| Respondent. | |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Petitioner has filed a request to proceed in forma pauperis. Examination of the request reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.

/////

/////

/////

1

Petitioner identifies his only claim as "CREDITS / RESENTENCING" and asserts the following in support of his claim:

> Current law allows most state inmates to earn work time credits, which provide time off of the inmate's sentence for good behavior and participation in work, education, or other programs. Most inmates are eligible for a maximum of one day off of their sentence for each day they participate in a program, generally referred to as "day-for-day" credits.

Petitioner has also filed two motions "for time credits resentencing" in which petitioner requests that the court increase the rate at which he receives good conduct sentence credit.

A petition for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Petitioner fails to point to any basis for granting a writ of habeas corpus here as he does not show, nor do any of the facts he points to suggest, that the rate at which he currently earns good conduct sentence credit amounts to a violation of a federal right. This being the case, petitioner's petition for writ of habeas corpus will be summarily dismissed.

Furthermore, petitioner has failed to present his claim to the California Supreme Court. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus, 28 U.S.C. § 2254(b)(1), and a habeas petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them in federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). Petitioner's failure to exhaust state court remedies is another basis for summary dismissal of his habeas petition.

/////
/////
/////
/////
/////
/////
/////

2

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF Nos. 2 and 8) ) is granted;

2. Petitioner's March 7, 2014 "Motion For Time Credits Resentencing" (ECF No. 3) is denied;

3. Petitioner's March 20, 2014 "Motion For Time Credits Resentencing" (ECF No. 7) is denied;

4. Petitioner's petition for writ of habeas corpus is summarily dismissed;

5. This case is closed; and

6. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: March 27, 2014

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
dixo0631.dis